# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

_____

| | |
|---|---|
| SETH JOHNSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MIKE MAHONEY, DR. LIZ RANTZ, DR. KOHUT AND DANIEL TROUPE, PA,<br><br>　　　　Defendants. | Cause No.  CV-08-043-H-DWM-RKS<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT** |

_____

This matter comes before the Court on Plaintiff's Motion to Proceed In Forma Pauperis (Document 1), his proposed Complaint submitted pursuant to 42 U.S.C. § 1983 (Document 2), and his Motion for Court Appointed Experts.  (Document 3).

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff has submitted a declaration and an account statement which this Court deems sufficient for purposes of this case to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee for this action of $350.00. Because the Court does not know the current balance of Plaintiff's account, it will waive payment of an initial partial filing fee. However, Plaintiff will be obligated to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. By separate order, the Court will direct the agency having custody of Plaintiff to forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF THE CASE

### A. Jurisdiction

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 seeking to recover for alleged federal constitutional violations while incarcerated at the Montana State Prison. Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B. Parties

Plaintiff is a state prisoner incarcerated at the Montana State Prison in Deer Lodge, Montana.

The named Defendants are Mike Mahoney, Warden Montana State Prison; Dr. Liz Rantz, Medical Director, Montana State Prison; Dr. Kohut, Infirmary Doctor, Montana State Prison; and Daniel Troupe, Physicians Assistant, Infirmary, Montana State Prison.

### C. Plaintiff's Allegations

Based upon Plaintiff's factual allegations contained in his Complaint and in the exhibits attached thereto it appears that Plaintiff started complaining about a hemorrhoid problem in

October 2007 when he submitted an inmate medical request.  In response, Plaintiff was advised to use suppositories, avoid straining and increase fluids. (Document 2-6, p.2, Exhibit C-2).  On November 20, 2007, Plaintiff submitted an inmate grievance form indicating that Defendant Troupe had verified that Plaintiff had both large internal and external hemmorhoids but refused to treat them. (Exhibit A, Document 2-2, p.2).  Plaintiff alleges that he received no response to this grievance.

On January 7, 2008, Plaintiff submitted an inmate medical request indicating that he was seen by Defendant Troupe approximately one month before regarding his hemorrhoid condition and was told there was nothing they could do about it.  Plaintiff asked to be seen as soon as possible as he was in extreme pain.  On January 8, 2008, a response was written indicating that he was referred to a provider and had been scheduled.  (Exhibit E-2, Document 2-10, p. 2).

On February 20, 2008, Plaintiff asked again to be seen for his problem and was told that he was scheduled to be seen.  (Exhibit, F-2, Document 2-12, p. 2).  On February 27, 2008, Plaintiff submitted an inmate grievance form indicating that he had been seen once by P.A. Troupe and once by Dr. Kohut regarding his hemorrhoid problem.  He requested that the necessary surgery be performed.  On March 19, 2008, his grievance was denied with the explanation that he has been scheduled to see a provider for follow-up on his symptoms. (Exhibit B-2, Document 2-4, p. 2).

On May 14, 2008, Plaintiff was seen by an outside provider, Dr. Raiser.  According to Plaintiff, Dr. Raiser was going to recommend that Plaintiff have surgery for his hemorrhoids. (Exhibit G-2, Document 2-14, p. 2).  On May 21, 2008, May 28, 2008, June 4, 2008, June 11,

2008 and June 17, 2008, Plaintiff wrote additional medical requests and inmate grievances seeking to determine if and when he would be scheduled for surgery. Plaintiff was advised that the request for surgery was being considered. Plaintiff signed his Complaint on June 18, 2008 indicating that he has not yet received the recommended surgery. (Exhibits H-R, Documents 2-16 through 2-28).

## III. PRESCREENING

### A. Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, which impose a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or

that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 550 U.S. ___, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by

amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

### B. Analysis

Plaintiff's claim arises under the Eighth Amendment of the United States Constitution. The Eighth Amendment requires that prisoners receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). To state an arguable section 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference under the Eighth Amendment involves the consideration of two elements: "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059; *see also Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003).  That is, a plaintiff must demonstrate "'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care.  Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002)(citing *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)).

The objective component of deliberate indifference requires the showing of a serious medical need.  "A 'serious' medical need exists if the failure to treat a prisoner's condition could

result in further significant injury or the 'unnecessary and wanton infliction of pain'." *McGuckin*, 974 F.2d at 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed." *Estelle*, 429 U.S. at 104-105.

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998)(quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[T]he official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." *Frost*, 152 F.3d at 1128 (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991)). "This second prong-defendant's response to the need was deliberately indifferent-is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 citing *McGuckin*, 974 F.2d at 1060. "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Id.*

It is clear from the face of Plaintiff's Complaint and the attached exhibits that there is not a sufficient showing of deliberate indifference.  See *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.) (documents attached to complaint are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim), cert. denied, 484 U.S. 944 (1987).  Although Plaintiff may have had a condition which requires medical treatment, he admits in his Complaint that the medical staff at the prison was attempting to address those concerns.  Specifically, Plaintiff first complained regarding his hemorrhoids in October of 2007.  He was seen by P.A. Troupe and according to the documents attached to his Complaint was prescribed suppositories, told to avoid straining and told to increase his fluid intake.  He made medical requests in November, January and February and was scheduled to be seen following each request.  In his February 27, 2008 request, Plaintiff states that he had been seen by P.A. Troupe and Dr. Kohut regarding his condition.  On May 14, 2008, Plaintiff was seen by an outside specialist who according to Plaintiff recommended surgery.  Plaintiff signed his Complaint on June 18, 2008.

Although Plaintiff apparently had not received the recommended surgery by the time he filed his Complaint, he had not been denied that surgery either.  On May 21, 2008, Plaintiff submitted a medical request asking whether he was scheduled for surgery.  The response was that they did not yet have an answer but that they would let him know as soon as a decision was made. (Exhibit H-2, Document 2-16, p. 2).  It appears from Plaintiff's Complaint and the exhibits attached thereto, that Defendants were responsive to Plaintiff's requests.  Although Plaintiff may not have received the allegedly recommended surgery immediately, the Court does

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT - CV-08-043-H-DWM-RKS  / PAGE 8

not find that a one month delay in obtaining such a surgery is deliberate indifference. Plaintiff had not been denied surgery at the time of filing his Complaint. The Court does not dispute Plaintiff's needs for medical care, but does not find that his allegations (at this juncture–i.e. one month after being seen by an outside specialist and recommended for surgery) are sufficient to state a claim under the Eighth Amendment.

## IV. CONCLUSION

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court is going to designate this case as a "strike" under this provision because Plaintiff's allegations fail to state a claim. For this same reason, the Court will certify that any appeal of this matter would not be taken in good faith. That is, the issues raised in this matter are frivolous.

In light of the Court's recommendation to dismiss the Complaint, Plaintiff's motion for court appointed experts will be denied.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Plaintiff's Motion for Leave to Proceed in forma pauperis (Document 1) is **GRANTED.** The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is **DEEMED FILED** on June 24, 2008.

3. Plaintiff's Motion for Court Appointed Experts (Document 3) is **DENIED**.

4. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further the Court issues the following:

## RECOMMENDATION

1. Plaintiff's Complaint (Document 2) should be **DISMISSED.**

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Plaintiff's claims are so frivolous that no reasonable person could suppose that an appeal would have merit.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Thereafter, a district judge will make a de novo determination of

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT - CV-08-043-H-DWM-RKS  / PAGE 10

those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 10th day of July, 2008.

          /s/ Keith Strong
          Keith Strong
          United States Magistrate Judge