

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SETH JOHNSON,<br><br>        Plaintiff,<br><br>   vs.<br><br>MIKE MAHONEY, DR. LIZ RANTZ,<br>DR. KOHUT AND DANIEL TROUPE,<br>PA,<br><br>        Defendants. | CV 08-43-H-DWM-RKS<br><br>ORDER |

Plaintiff Seth Johnson brought this suit against Defendants, alleging they denied him adequate medical care in violation of the Eighth Amendment. Johnson alleges that the exhibits he filed with his complaint show a pattern of deliberate indifference in response to his serious medical condition. After prescreening Johnson's complaint pursuant to 28 U.S.C. 1915A, Magistrate Judge Keith Strong issued Findings and Recommendation on July 10, 2008. He recommended dismissing Johnson's complaint for failure to state a claim and assessing a strike against Johnson pursuant to

28 U.S.C. § 1915(g). Johnson timely filed an objection to the Findings and Recommendation.

Pursuant to 28 U.S.C. 636(b)(1), a plaintiff in Johnson's position who objects to the Findings and Recommendation of a Magistrate Judge is usually entitled to *de novo* review of the record. Johnson's objection, however, is a general one to the Findings and Recommendation as a whole. It offers no specific objection to any particular portion of Judge Strong's analysis. It consists of two sentences, and merely states that Johnson objects to the Magistrate's Findings and Recommendation, and requests a *de novo* review. This defeats the purpose of 18 U.S.C. § 636(b)(1), which provides a plaintiff like Johnson the opportunity to have the district court scrutinize a magistrate's findings, provided the plaintiff states some basis for doing so. The statute does not exist to provide every plaintiff a second *de novo* review of the record so long as the plaintiff merely states, "I object." Because *de novo* review here would contravene the purpose of providing a plaintiff like Johnson the opportunity to object, the Court will review the Findings and Recommendation for clear error. Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Strong concluded that Johnson's complaint failed to state a claim because the face of the complaint and the evidence

2

Johnson submitted with it do not show he was denied the medical care he needed. Johnson admitted in his complaint, and the exhibits show, that he received the care he sought. Considering the nature and extent of Johnson's medical condition, and the time it took to provide him with the surgery he needed, Johnson certainly suffered during the time he continued to request medical care and the prison medical staff responded to his requests. The record shows, however, that Defendants responded to Johnson's requests, and while he did not receive the medical care he needed in as timely a fashion as desirable, he was not denied medical care due to the deliberate indifference of the prison staff. It was not clear error for Judge Lynch to conclude that Johnson's complaint failed to state a claim.

Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt # 5) are adopted in full, and Plaintiff Seth Johnson's complaint is DISMISSED for failing to state a claim.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g), and that the Court certifies pursuant to Fed. R. App. P. 24(3)(1) that an appeal of this decision would

not be taken in good faith.

    Dated this \_\_50\_\_ day of September, 2008.

                               Donald W. Molloy, District Judge
                               United States District Court